# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0268V

|  |  |
|---|---|
| SCOTT STERLAND,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: November 19, 2025 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Mitchell Jones, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION AWARDING DAMAGES**[1]

On January 7, 2021, Scott Sterland filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination he received on September 28, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 20, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. On November 19, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $93,447.18, comprised of $90,000.00 for pain and suffering and $3,447.18 for past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $93,447.18, comprised of $90,000.00 for pain and suffering and $3,447.18 for past unreimbursable expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| SCOTT STERLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 21-268V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

### **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 7, 2021, Scott Sterland ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on September 28, 2019. Petition at 1. On October 26, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is not appropriate for compensation under the terms of the Act for a Table injury for SIRVA after a flu vaccination. ECF No. 30. On August 20, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[1] ECF No. 40.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's April 8, 2025 entitlement ruling.

**I.      Items of Compensation**

    A.      <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $90,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.      <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $3,447.18. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

**II.     Form of the Award and Recommended Payments Following Judgement**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[2]

> A lump sum payment of **$93,447.18** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Scott Sterland.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

                                                                        Respectfully submitted,

                                                                        BRETT A. SHUMATE
                                                                        Assistant Attorney General

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

                                C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

/s/ Mitchell Jones
MITCHELL JONES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-1748
mitchell.jones@usdoj.gov

DATED: November 19, 2025

3